IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STACEY ADAM SANGO,

    Plaintiff,

vs.

BRIAN PIERCE, et al.,

    Defendants.

CV F 06 1008 OWW WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at Wasco State Prison, brings this civil rights action against defendant Officer Brian Pierce, the City of Fresno and the Fresno Police Department.

    Plaintiff's claim in this complaint is that during his criminal process he filed a motion to suppress illegally obtained evidence. Plaintiff appears to allege that he was successful, yet he was still convicted. Plaintiff specifically charges that he is in prison based upon false imprisonment.

    When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a

writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas and addressing it on the merits.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).  Where the complaint alleges claims that sound in habeas and claims that do not, the court should allow the non-habeas claims to proceed.  See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir. 1984).

Here, Plaintiff clearly alleges facts which, if true, challenge the legality of his custody.  Though the court finds the factual allegations to be vague, Plaintiff appears to challenge the facts underlying his conviction.  Such a claim should be brought as an application for writ of habeas corpus.

The court will provide Plaintiff with an opportunity to file an amended complaintk that more clearly sets forth his legal claims and the factual basis of his allegations. Should Plaintiff fail to do so, the court will recommend dismissal of the complaint without prejudice to Plaintiff's ability to file an application for writ of habeas corpus.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in

order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice to Plaintiff's ability to file an application for writ of habeas corpus.

IT IS SO ORDERED.

**Dated:   November 20, 2006**              **/s/  William M. Wunderlich**
mmkd34                                          UNITED STATES MAGISTRATE JUDGE