IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STACEY ADAM SANGO,

       Plaintiff,                      CV F 06 1008 OWW WMW P

  vs.                             FINDINGS AND RECOMMENDATION

BRIAN PIERCE, et al.,

       Defendants.

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the December 11, 2006, first amended complaint.  The first amended complaint is filed in response to the November 21, 2006, order dismissing the complaint with leave to amend.  Plaintiff, an inmate in the custody of the California Department of Corrections at Wasco State Prison, brings this civil rights action against defendant Officer Brian Pierce, the City of Fresno and the Fresno Police Department.

       Plaintiff's claim in this complaint is that during his criminal process he filed a motion to suppress illegally obtained evidence.  Plaintiff appears to allege that he was successful, yet he was still convicted.  Plaintiff specifically charges that he is in prison based upon false imprisonment.

1

In the November 21, 2006, order dismissing the complaint, Plaintiff was advised of the following. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas and addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Where the complaint alleges claims that sound in habeas and claims that do not, the court should allow the non-habeas claims to proceed. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir. 1984).

Plaintiff was advised that his complaint clearly alleged facts which, if true, challenge the legality of his custody. Though the court found the factual allegations to be vague, Plaintiff appeared to challenge the facts underlying his conviction. Such a claim should be brought as an application for writ of habeas corpus.

In the December 11, 2006, first amended complaint, Plaintiff restates the allegations of the original complaint. Though Plaintiff articulates his claim as one for false imprisonment, the facts alleged in the first amended complaint challenge the underlying validity of his conviction. Specifically, Plaintiff challenges the validity of his arrest. The court finds that Plaintiff has not met the concerns noted in the November 21, 2006, order. Because Plaintiff has cured the defects noted in the order dismissing the original complaint, the court recommends dismissal of the claims made in the original complaint without prejudice to the filing of a petition for writ of habeas corpus. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to

2

state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice to the filing of a petition for writ of habeas corpus.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    December 28, 2006                    /s/  William M. Wunderlich
mmkd34                                          UNITED STATES MAGISTRATE JUDGE