IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY A. SANGO, | 1:06-cv-01008 OWW-WMW- PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Doc. 20 ) |
| CITY OF FRESNO, et al. | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Pending before the Court is Plaintiff's motion for reconsideration of the February 10, 2009, order adopting the findings and recommendations of the Magistrate Judge and dismissing this action without prejudice to the filing of an application for a writ of habeas corpus.

Plaintiff initiated this action by the filing of a civil complaint. Plaintiff named as defendants in the complaint the City of Fresno, the Fresno Police Department and Fresno Police Officer Brian Pierce. Plaintiff's claim in the complaint is that during his criminal process he filed a motion to suppress illegally obtained evidence. Plaintiff specifically alleged that he was imprisoned based upon false evidence.

In the findings and recommendations, the Magistrate Judge found that the facts alleged challenged the underlying validity of Plaintiff's conviction. Specifically, Plaintiff challenged the

1  validity of his arrest.    When a prisoner challenges the legality or duration of his custody, or
2  raises a constitutional challenge which could entitle him to earlier release, his sole federal
3  remedy is a writ of habeas corpus.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1983); <u>Young v. Kenny</u>,
4  907 F.2d 874 (9th Cir. 1990).    The Magistrate Judge found that Plaintiff clearly alleged facts
5  which, if true, challenged the legality of his custody.  Such a claim should be brought as an
6  application for a writ of habeas corpus.

7  Plaintiff filed objections to the findings and recommendations.  The District Court, taking
8  into account Plaintiff's objections, adopted the findings and recommendations of the Magistrate
9  Judge and dismissed this action without prejudice to the filing of an application for writ of
10 habeas corpus.

11 Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the
12 district court.  The rule permits a district court to relieve a party from a final order or judgment
13 on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an
14 adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment."
15 Fed.R.Civ.P. 60(b).  The motion for reconsideration must be made within a reasonable time, in
16 any event, "not more than one year after the judgment, order, or proceeding was entered or
17 taken." <u>Id</u>.

18 Motions to reconsider are committed to the discretion of the trial court.  <u>Combs v. Nick</u>
19 <u>Garin Trucking</u>, 825 F.2d 437, 441 (D.C. Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir.
20 1983)(<u>en banc</u>).  To succeed, a party must set forth facts or law of a strongly convincing nature
21 to induce the court to reverse its prior decision.  <u>See</u> e.g., <u>Kern-Tulare Water Dist. v. City of</u>
22 <u>Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other
23 grounds, 828 F.2d 514 (9th Cir. 1987), <u>cert. denied</u>, 486 U.S. 1015 (1988).  The Ninth Circuit has
24 held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding
25 clauses.'"  <u>LaFarge Conseils et Etudes, S.A. v. Kaiser Cement</u>, 791 F.2d 1334, 1338 (9th Cir.
26 1986), quoting <u>Corex Corp. v. United States</u>, 638 F.2d 119 (9th Cir. 1981).  Accordingly, "the

1  clause is reserved for 'extraordinary circumstances.'" Id.

2     In his document titled as a motion for reconsideration, Plaintiff cites no new facts, new
3  law, mistake, fraud, or other extraordinary circumstances that would entitle Plaintiff to
4  reconsideration.  See Fed.R.Civ.Pro. 60(b); Fed.R.Civ.Pro. 72(a); Local Rule 230(j).  As such,
5  Plaintiff is not entitled to reconsideration.

6     Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration of
7  the December 7, 2009, order dismissing this action is denied.

12     IT IS SO ORDERED.

13  **Dated:   July 1, 2010**               /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE

3